Patrick Corbett vs. Territory of Washington.

1 w 431
1 w 558
1 wt 431
34   103

A statute conferring upon the mayor and council of the city of Kalama authority to license, tax and regulate saloons, or places for the retailing of spirituous and other liquors, does not repeal or limit the general law prohibiting the sale of such liquors, without a license from the board of county commissioners, of the proper county.

A special act will not repeal a general law, unless expressly so declared, or unless in direct conflict with the general law.

Where a penal statute is repealed without any saving provision, judgment rendered upon it, must be reversed upon writ of error.

Error to Second Judicial District, holding terms at Vancouver.

*H. G. Struve* for plaintiff in error.

*J. M. Fletcher* and *S. C. Wingard* for defendant in error.

Opinion by Lewis, Associate Justice.

At the March term, 1873, of the District court of Second District, the plaintiff in error was indicted for selling spirituous liquors, in quantities less than one gallon, at the city of Kalama, without first having obtained a license therefor, from the commissioners of the county.

At the trial the plaintiff in error offered in evidence a license, duly issued to him, by the authority of the mayor and common council of the city of Kalama.

This evidence was excluded by the court below, which is duly excepted to, and made of record by a bill of exceptions.

The ruling of the court below, in excluding such evidence, is the material error assigned for consideration in this court.

This indictment was found under the provisions of the

statute of 1871, page 59, section 5, which prohibits any person from selling liquors in less quantities than one gallon, without having first obtained a license from the county commissioners of the proper county.

At the same session, an act was passed to incorporate the city of Kalama, and among the provisions of this act, power is given to the mayor and council, to license, tax, and regulate saloons as places for the retailing of spirituous, malt, and fermented liquors.

The sole question made is, whether the plaintiff in error was authorized to sell within the city of Kalama by the license from the city authorities, without having also obtained a license from the county commissioners.

We cannot agree with the learned counsel for plaintiff in error that the Legislature intended to vest in the mayor and common council of Kalama the sole and exclusive power of licensing and regulating the sales of spirituous liquor within that city. In our view of the law, such powers were given to the city authorities, to be exercised subordinate to the general laws of the Territory. Such grant of power does not supersede the general law, and in no case will a special act supersede a general statute, unless expressly so stated in the special statute, or in direct conflict with the general act. This view of the law is fully sustained by authority and is founded upon reason. Bishop on Stat. Crimes, Sec. 22; *Ibid*, Section 23; *Berry vs. the People*, 36 Ills., 423.

In the latter case it was held that a provision in a city charter, giving the city power to provide a punishment for gaming, does not repeal a general law of the State against gaming, and a person may be convicted under the general law for gaming within the city, although the city has passed an ordinance to punish gaming in the city.

We are of opinion that the license issued to Corbett by the city authorities, constituted no defense to the indictment; that the plaintiff in error was not thereby authorized to sell within the city.

The special act neither was in conflict with the general law, nor did it, in express terms, vest exclusive power in the city government, but on the contrary gave to the city the power to impose a license in addition to the general license law of the Territory.

We find no error in the ruling of the District court on this point.

Since the trial and judgment in the District court, the Legislature has amended the city charter of Kalama and in the clause conferring power upon the city authorities the amendment declares "that any person having a license issued by the mayor and common council * * shall not be required to obtain an additional license from the county commissioners, and that it is the intent of the act to vest the right to grant such license *exclusively* in the city *authorities*;" and all acts and parts of acts in conflict therewith, are expressly repealed.

This amendatory act of 1873 most certainly repeals the general law of the Territory as to the city of Kalama, and vests in the city authorities the exclusive right and power to grant such license; and the plaintiff in error, since said repeal, might lawfully carry on said business without having a license from the county commissioners.

The principle is elementary that a statute defining and prescribing a punishment for a crime, if it be repealed without a saving clause as to prosecutions pending, all such prosecutions must fall to the ground, and no judgments can be pronounced thereon.

In the case of *Hasting vs. the People,* (22 N. Y., 95) this question is most elaborately and ably examined, and the leading authorities cited and commented upon. The court reach this conclusion: That the repeal of a law imposing a penalty, though it takes place after conviction, arrests the judgment, and when the repeal is after judgment, the judgment must be reversed upon a writ of error.

The above, in our view, contains a correct exposition of

the law, and the case at bar comes within the rule there laid down.

The motion of the *Legislative Assembly* in arrest of judgment must be sustained. Judgment of the District court reversed. The plaintiff in error is discharged and his bail exonerated.